UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
## 13-62726-CV-ROSENBAUM/HUNT
CASE NO.: _____

UNITED STATES OF AMERICA, ex rel.
LORI RICHARDSON, individually,

      Plaintiff,

SEALED DOCUMENT

v.

PAUL MELI, M.D., individually, CLINTON ERASMUS, individually, SUSAN MOORE, individually, ERIC ROSENBERG, individually, and PHYSICAL THERAPY PLUS BY THE SEA, LLC, F/K/A SEA RANCH LAKES PHYSICAL THERAPY PLUS, LLC, a Florida limited liability company,

      Defendants.
_____/



FILED by JD D.C.
ELECTRONIC
Dec 17, 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff/Relator Lori Richardson files this Complaint against Paul Meli, M.D., Clinton Erasmus, Susan Moore, Eric Rosenberg and Physical Therapy Plus By The Sea, LLC, formerly known as Sea Ranch Lakes Physical Therapy Plus, LLC (collectively, "Defendants"), and alleges as follows:

### Introduction

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false statements and claims made or caused to be made by the Defendants to the United States and its agents and intermediaries in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "Act").

2. The false claims and statements at issue were made or caused to be made by the Defendants in connection with referrals, and claims for payments, made for orthopaedic physical

{4601158:4}

therapy services beginning not later than October 6, 2010 and continuing at least through August 2013, and on information and belief, to date. Specifically, on information and belief, the claims submitted by Defendants violated federal law prohibiting physician self-referrals.

3. The Act provides that any person who knowingly submits or causes to be submitted to the Government or recipients of federal funds a false or fraudulent claim for payment or approval is liable for a civil penalty for each such claim, and three times the amount of the damages sustained by the United States Government (the "Government"). The Act empowers persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery.

4. The original complaint must be filed under seal, without service on the Defendants. That complaint remains under seal while the Government investigates the allegations and determines whether to join the action.

5. Pursuant to the Act, Plaintiff seeks to recover, on behalf of the United States, damages and civil penalties arising from false and improper charges contained in claims for payment that Defendants submitted or caused to be submitted to Government health benefit plans, including Medicare and Tricare.

6. As a result of Defendants falsely billing for self-referrals and otherwise failing to comply with federal rules and regulations, the Government paid substantial amounts to Sea Ranch Lakes Physical Therapy Plus, LLC and its successor Physical Therapy Plus By The Sea, LLC (collectively "Physical Therapy Plus") for false claims related to physical therapy services.

## Jurisdiction and Venue

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732.

8. The Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because Defendants can be found in and transact the business that is the subject matter of this lawsuit in the Southern District of Florida.

9. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because the acts complained of herein occurred in Broward County, Florida, within the Southern District of Florida, and Defendants transact the business that is the subject matter of this lawsuit in this district.

10. Under 31 U.S.C. § 3730(b)(2), this complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days after the Court receives both the complaint and the material evidence and information, unless the Government requests to extend the time for intervention.

**Parties and Related Entities**

11. Relator Lori Richardson is a physical therapist licensed to practice physical therapy in the state of Florida and is the principal and owner of Sea Ranch Physical Therapy Center, Inc. ("Sea Ranch Physical Therapy"). Until on or about September 30, 2013, Richardson operated Sea Ranch Physical Therapy at 4747 North Ocean Blvd., Suite 261, Fort Lauderdale, Florida, 33308. She now operates Sea Ranch Physical Therapy at a different location.

12. Defendant Physical Therapy Plus is a Florida limited liability company that operates a facility at 4747 North Ocean Blvd., Suite 261, Fort Lauderdale, Florida, 33308, which is in Broward County, Florida. From on or about October 3, 2010, to the present, Physical Therapy Plus has occupied the same office space previously occupied by Sea Ranch Physical Therapy.

13.     Defendant Paul Meli is an orthopaedic surgeon with offices in Broward County, Florida. Upon information and belief, at all times relevant to this Complaint, Meli was the true owner of Physical Therapy Plus.

14.     Defendant Clinton Erasmus is an individual residing in Broward County, Florida. Erasmus is a managing member of Physical Therapy Plus. At all times relevant to this Complaint, Erasmus, was a licensed Physical Therapy Assistant.

15.     Defendant Susan Moore is an individual residing in Broward County, Florida. Moore is a former managing member of Physical Therapy Plus. At all times relevant to this Complaint, Moore was a licensed physical therapist in the state of Florida.

16.     Defendant Eric Rosenberg is an individual residing in Broward County, Florida. Rosenberg is a managing member of Physical Therapy Plus. Upon information and belief, Rosenberg is also an attorney licensed to practice in Maryland.

## Scheme

17.     On information and belief the Defendants' unlawful scheme had the following elements:

  a. In or about October 2010, Defendants began operating Physical Therapy Plus. To deceive the public, private insurers, and Government healthcare payors, Defendants operated Physical Therapy Plus from the exact same location where Plaintiff formerly operated Sea Ranch Physical Therapy Center.

  b. Erasmus and Moore acted as straw owners of Physical Therapy Plus in order to conceal Meli's ownership.

    c. Rosenberg acted as an intermediary, including allowing his name to be used on bank accounts, in order to further conceal Meli's ownership in Physical Therapy Plus.

    d. Meli was in fact, and remains, the true owner of Physical Therapy Plus. Meli referred patients from his orthopaedic practice to Physical Therapy Plus for the purpose of obtaining remuneration that he otherwise could not lawfully receive.

### Stark Law

18. A section of the Social Security Act, 42 U.S.C. § 1395nn (commonly known as the "Stark Law"), prohibits physicians from making referrals for certain kinds of healthcare items or services, collectively referred to as "designated health services," to healthcare provider entities with which the physicians or their immediate family members have a financial relationship. Physical therapy is among the designated health services covered by the Stark Law. The Stark Law and its implementing regulations recognize limited exceptions to the prohibition on self-referrals.

19. A prohibited "financial relationship" may be either a direct or an indirect compensation arrangement, that is, an arrangement involving direct or indirect remuneration between the referring physician and the health care provider. 42 U.S.C. § 1395nn(a)(2)(B); 42 C.F.R. § 411.354(c). Remuneration includes "any payment or other benefit made directly or indirectly, overtly or covertly, in cash or in kind." 42 C.F.R. § 411.351.

20. If a prohibited financial relationship exists between a physician and another healthcare provider, the Stark Law prohibits the provider from submitting any claim to a Government healthcare payor for items or services rendered to patients referred by that physician.

## Attorney's Fees and Conditions Precedent

21. Relator has hired the undersigned counsel and is obligated to pay them a reasonable fee.

22. All conditions precedent have been performed or waived.

23. The allegations and transactions described in this Complaint have not been disclosed publicly in the past. To the extent a public disclosure has taken place, Relator is not aware of that disclosure, and she is an original source of the information in this Complaint. That is to say, she has knowledge that is independent of and materially adds to any publicly disclosed information.

## Count I
## 31 U.S.C. § 3729(a)(1)(A)

24. Relator realleges the allegations made in Paragraphs 1 through 23.

25. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

26. Through the acts described above, Defendants, including their agents, principals, employees, and contractors, knowingly presented and caused to be presented to the Government fraudulent claims, records, and statements to obtain reimbursement for physical therapy services provided under government health programs.

27. The Government, unaware of the falsity of the claims, records, and statements made by Defendants approved, paid, and participated in payments made by the Government's fiscal intermediaries for claims that otherwise would not have been allowed.

28. By reason of these payments and approvals, the Government has been damaged and possibly continues to be damaged, in an amount yet to be determined.

## Count II
### 31 U.S.C. § 3729(a)(l)(B)

29. Relator realleges the allegations made in Paragraphs 1 through 23.

30. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

31. Defendants, including their agents, principals, employees, and contractors, knowingly made, used and caused to be used false records and statements to get false or fraudulent claims paid or approved by the Government.

32. The Government, unaware of the falsity of the records, statements, and claims submitted by Defendants, approved, paid, and participated in payments made by the Government's fiscal intermediaries for claims that would not have been paid had the truth been known.

33. By reason of Defendants' false records, statements and claims, the Government has been damaged and possibly continues to be damaged in an amount yet to be determined.

34. WHEREFORE, Relator requests that judgment be entered against Defendants, ordering that:

   a. Defendants cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*;

   b. Defendants pay an amount equal to three times the amount of damages the Government has sustained because of Defendants' actions, plus a civil penalty against Defendants of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

   c. Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

d. Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. §§ 3730(d) & (h); and

e. The Government and Relator be granted all such other relief as the Court deems just and proper.

### Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Relators hereby demand a trial by jury.

Dated this 17th day of December, 2013.

Respectfully Submitted,

*/s/ Bruce Reinhart*

MCDONALD HOPKINS, LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Phone: 561-472-2121
Fax: 561-472-2122

Bruce E. Reinhart
Fla. Bar No. 0010762
breinhart@mcdonaldhopkins.com

Jeremy R. Bloor
Fla. Bar No. 0071497
jbloor@mcdonaldhopkins.com